# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROYCE CORLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-2157 (EGS) |
| JEFF SESSIONS,[1] *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing *pro se*, sues under the Freedom of Information Act ("FOIA") to compel "the production of agency records concerning [himself] and Sex Trafficking prosecutions," maintained by the Federal Bureau of Investigation and the Executive Office for United States Attorneys ("EOUSA"). Compl. ¶ 1. In March 2016, the Court granted partial summary judgment to the Department of Justice ("DOJ"), leaving unresolved the question of segregability with respect to EOUSA's records.[2] *See* Mem. Op. and Order [Dkt. # 29]. Pending before the Court is Defendants' Renewed Motion for Summary Judgment [Dkt. # 35]. Plaintiff has filed an Opposition and Cross-Motion for Partial Summary Judgment and Leave to Take Discovery [Dkt. ## 37, 38]. Based mostly on its independent examination of EOUSA's

---

[1] By substitution pursuant to Fed. R. Civ. P. 25.

[2] Although plaintiff has named individual defendants, *see* case caption, the Department of Justice, as the parent agency of EOUSA and the FBI, is the proper defendant in this FOIA case. Therefore, the complaint against the individual defendants is dismissed and DOJ is substituted. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming district court's dismissal of "the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA").

1

supplemental *Vaughn* index, the Court finds that (1) EOUSA's vague descriptions of five withheld documents preclude a grant of summary judgment as to those records, (2) EOUSA has released all other reasonably segregable records, and (3) plaintiff's ground for summary judgment is moot, and discovery is unnecessary. Hence, for the reasons explained more fully below, defendant's motion will be granted in part and denied in part, and plaintiff's motion will be denied.

**1. Defendant's Motion for Summary Judgment**

EOUSA released 151 pages to plaintiff, 58 of which contained redacted material, and it withheld 265 pages completely. *See* Supp. Decl. of Princina Stone ¶ 8 [Dkt. # 35-1]. The Court could not conclude from EOUSA's initial declaration and *Vaughn* index that all reasonably segregable records were released and thus denied summary judgment in part. *See* Mem. Op. at 24-25. In the pending motion, defendant asserts that EOUSA's supplemental declaration and *Vaughn* index [Dkt. # 32-1] support summary judgment on the remaining segregability question. The Court agrees as to all but five documents withheld completely as attorney work-product.

EOUSA's declarant "performed a segregability review of all 265 pages that were withheld in full and identified on the Supplemental Vaughn Index [by] Bates Numbers[.]" Supp. Stone Decl. ¶ 12 (listing pages). The withheld material "include[s], but is not limited to, witness statements, prosecuting attorney's legal research, legal theories, hand-written notes, draft pleadings, [and] written communications among law enforcement personnel, attorneys within the District Attorney's Office New York County and USAO/SDNY in preparation for the criminal prosecution of plaintiff." *Id*. ¶ 14. The withholdings are pursuant to FOIA exemptions 3, 5,

7(C), and 7(D), *id*. ¶ 13, which the Court has already found to be proper justifications for withholding the same type of information.[3]  *See* Mem. Op. at 21-24.

**A. Third-Party Records**

Plaintiff counters that "EOUSA should release . . . non-exempt portions of [certain Bates-numbered] records they seek to withhold based on privacy concerns since the identity of the speaker was already redacted[.]"  Opp'n at 6-7 [Dkt. # 37] (listing Bates 00030-00038; 00175-00184; 00185; 00186-00188, 00211-00215; 00189-00190; 00210; 00216-00223; 00229-00237; 00311).  But the Court has carefully reviewed the supplemental *Vaughn* index and finds that it adequately describes the information contained in the pages plaintiff has listed and explains why such information is fully protected by the claimed exemption(s).  What plaintiff fails to acknowledge is that the privacy exemption EOUSA applied to the third-party information was invoked *in conjunction with* other exemptions that covered the remaining information—namely, exemption 3 (pursuant to the Child Victim and Child Witnesses' Rights Statute); exemption 5 (attorney work-product); and exemption 7(D) (confidential source information).  *See* Mem. Op. at 11-13, 21-24.  Moreover,  exemption 7(C) alone protects the withheld "photo array" of third-party individuals, Bates Numbers 00216-00223, and records "belonging to" third-party individuals, Bates Numbers 00229-00237, and 00311.  *See* Mem. Op. at 14-18, 22.  And the Court has already determined that plaintiff has shown no overriding public interest to compel disclosure of the otherwise exempt information.  *See id.* at 16-17.

An agency may withhold complete records where "the exempt portions are 'inextricably intertwined with [non]exempt portions,"  *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d

---

[3]  EOUSA also invoked FOIA exemption 6 but, as previously noted, that exemption need not be considered separately because the same information was withheld from law enforcement records under exemption 7(C).  *See* Mar. 30, 2016 Mem. Op. at 14 (quoting *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011)).

771, 776 (D.C. Cir. 2002), and "the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value," *Mays v. Drug Enf't Admin.*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (citing 5 U.S.C. § 552(b); *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981) (internal quotation marks omitted)). EOUSA's declarant has stated as much. *See* Stone Decl. ¶ 16. In addition, where it could feasibly do so, EOUSA redacted third-party information and then released responsive records. *See* Supp. *Vaughn* Index at 1-11 (explaining redaction of information for personal privacy reasons). The Court is now satisfied that EOUSA has released all reasonably segregable records containing third-party information and, as a result, will grant summary judgment to defendant on this issue.

### B. Attorney Work-Product

FOIA Exemption 5 applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Withholdings are restricted to "those documents, and only those documents, normally privileged in the civil discovery context," such as attorney work-product, deliberative process material, and attorney-client communications. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

EOUSA has invoked the attorney work-product privilege (in a few instances, in conjunction with the deliberative process privilege). EOUSA's declarant states correctly that "[t]here is no requirement to segregate records that are protected under the attorney-work product privilege of Exemption 5[,]" Supp. Stone Decl. ¶ 15, which the supplemental *Vaughn* index reveals to be a sizable portion of the withheld material. *See Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("If a document is fully protected as work product, then segregability is not required."). "The attorney work-product [prong of Exemption 5]

4

extends to 'documents and tangible things that are prepared in anticipation of litigation or for trial' by an attorney." *Ellis v. United States Dep't of Justice*, 110 F. Supp. 3d 99, 108 (D.D.C. 2015), *aff'd*, No. 15-5198, 2016 WL 3544816 (D.C. Cir. June 13, 2016) (quoting Fed. R. Civ. P. 26(b)(3)(A) (other citation omitted; bracket in original)). The work-product privilege encompasses documents prepared "by or for another party or its representative (including the other party's attorney, consultant . . . or agent," so long as they were prepared "in anticipation of litigation or for trial[.]" Fed. R. Civ. P. 26(b)(3)(A). *See FTC v. Boehringer Ingelheim Pharm., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015) ("The work product protection is broader than the attorney-client privilege in that it is not restricted solely to confidential communications between an attorney and client. . . . It is narrower, however, insofar as the doctrine protects only work performed in anticipation of litigation or for trial.") (citation omitted); *Shapiro v. U.S. Dep't of Justice*, 969 F. Supp. 2d 18, 28 (D.D.C. 2013) ("The work-product doctrine can apply to preparatory work performed not only by attorneys, but also, in some circumstances by nonlawyers[.]") (citing *United States v. Nobles*, 422 U.S. 225, 238-239 (1975)). And "the Supreme Court has made clear [that] the doctrine should be interpreted broadly and held largely inviolate[.]" *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005) (quoting at length *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). However,

> in order for the Government to discharge its evidentiary burden [under FOIA Exemption 5], it must (1) provide a description of the nature of and contents of the withheld document, (2) identify the document's author or origin, (3) note the circumstances that surround the document's creation, and (4) provide some indication of the type of litigation for which the document's use is at least foreseeable.

*Ellis*, 110 F. Supp. 3d at 108 (citing *In re Sealed Case*, 146 F. 3d 881, 884 (D.C. Cir. 1998). And

> [w]hen considering whether a document is prepared "in anticipation of litigation," [the D.C. Circuit] employs a "because of" test, inquiring "whether, in light of the nature of the document and the factual situation in the particular

case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." . . . Where a document would have been created "in substantially similar form" regardless of the litigation, work product protection is not available.

*Boehringer Ingelheim Pharm., Inc.*, 778 F.3d at 149 (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 137-38 (D.C. Cir. 2010) (other citations omitted).

Plaintiff counters that some of the records claimed as attorney work-product "are actually investigative records which EOUSA cloaked with privilege simply because an attorney used it for reference." Opp'n at 8 (citing Bates Nos. 00061, 00197, 00204). Indeed, the Court cannot find from the supplemental *Vaughn* index's opaquely worded descriptions of the District Attorney's Office of New York County – HTAU Forensics (Bates Nos. 00061-00062); APS DA Datasheet (Bates Nos. 00197-00203); and the New York City Police Department Omniform System-Arrests (Bates Nos. 00204-00207) that those documents satisfy the D.C. Circuit's "because of test" to warrant full protection as attorney work-product, and EOUSA's declaration provides no clarifying explanations.[4] Simply put, the Court has no idea what information is contained in those documents and how it qualifies as attorney work-product. In addition, EOUSA has not identified the origin or author of the Application for Arrest Warrants (Bates Nos. 00191-00192) and the Sex Crimes Prosecution Case Report (Bates Nos. 00193-00196), thereby rendering the Court unable to assess whether either document satisfies the "inter-agency or intra-agency" threshold requirement of exemption 5 and qualifies as attorney work-product.[5]

---

[4] A document described as "New York City Police Department Omniform System - Arrest" is also listed as withheld in part (Bates Nos. 00022-00024), which casts doubt on EOUSA's justification for withholding the similarly named document (Bates Nos. 00204-00207) in full. In supplementing the record, defendant shall address this discrepancy and explain what appears to be inconsistent treatment of the same document or type of document.

[5] Plaintiff contends that "EOUSA asserts privileges for state prosecutors without providing any declarations from state prosecutors seeking the privilege." Cross-Mot. at 8. But the right to

*See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001) ("[T]he first condition of Exemption 5 is no less important than the second; the communication must be 'inter-agency or intra-agency[,]' " although "some Courts of Appeals have held that in some circumstances a document prepared outside the Government may nevertheless qualify as an 'intra-agency' memorandum under Exemption 5").

In the supplemental index's justification column for each of the foregoing documents, EOUSA states: "Attorney Work Product – the privilege is intend to protect documents and other memoranda prepared by an attorney in contemplation of litigation. The information was prepared by law enforcement to be used by the prosecution, both of whom shared a common interest in bringing plaintiff to trial for engaging the crime of sex trafficking of children." *Vaughn* Index at 12, 18, 19, 20. But that language "simply parrots elements of the work product doctrine," *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 841 F. Supp. 2d 142, 159 (D.D.C. 2012), and "conclusory assertions of privilege [do] not suffice to carry the Government's burden of proof in defending FOIA cases," *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980). This is particularly so where, as here, the corresponding document is so inaptly described. As to the five withheld documents identified above, then, the Court will deny defendant's motion without prejudice and will permit defendant one last chance to supplement the record. As for the remaining documents, the Court is satisfied from its review of EOUSA's supplemental *Vaughn* index that all reasonably segregable material has been released to plaintiff.

---

assert a FOIA exemption lies exclusively with the agency possessing the requested record. *See Mobley v. CIA.*, 806 F.3d 568, 583 (D.C. Cir. 2015) (citing *Frugone v. CIA*, 169 F.3d 772, 774-75 (D.C. Cir. 1999)). And as long as the documents "were compiled in anticipation of a specific criminal prosecution," which is unquestionably the case here, and satisfy exemption 5's threshold requirement, "the work-product privilege protects them." *Ellis v. United States Dep't of Justice*, 110 F. Supp. 3d 99, 110 (D.D.C. 2015), *aff'd*, No. 15-5198, 2016 WL 3544816 (D.C. Cir. June 13, 2016).

**2. Plaintiff's Motion for Summary Judgment and for Leave to Take Discovery**

Plaintiff's Cross-Motion for Summary Judgment is directed at DOJ's Justice Management Division and its alleged failure essentially to process the FOIA request in a timely manner. *See* Mot. at 9 [Dkt. # 38]. But any challenge to the agency's processing of the request is rendered moot by its searches and subsequent release of responsive records. For "once all the documents are released to the requesting party, there no longer is any case or controversy," at least as to those documents. *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel,* 827 F.3d 31, 34 (D.C. Cir. 2016); *see id*. at 35 (explaining that the agency's "new FOIA determination rendered the propriety of the original agency decision—and any administrative challenges to it—an entirely academic question").

Plaintiff's motion to take discovery is premised on his speculative assertion of bad faith, supported only by his self-serving statements. *See* Mot. at 10. Plaintiff does not identify what information he needs beyond the evidence that is already in the record. Not only has plaintiff adequately refuted defendant's evidence but he has raised questions about some of the withholdings that the Court has found in part to be worthy of explanation. Therefore, plaintiff's motion for leave to take discovery will again be denied. *See* Mar. 30, 2016 Mem. Op. at 10-11 (explaining that "discovery in FOIA cases 'is rare' and generally unnecessary when, as found here, the agency has submitted detailed declarations to permit a proper examination of its withholdings by both the Court and the plaintiff") (citation omitted)); *see also id*. at 10 (concluding that plaintiff "has not come forward with any evidence . . . to call EOUSA's [presumed] good faith into doubt").

For the foregoing reasons, it is

**ORDERED** that the March 30, 2017 stay is lifted, and Plaintiff's Cross-Motion for Partial Summary Judgment and Leave to Take Discovery, ECF No. 38, is **DENIED**; it is further

**ORDERED** that Defendant's Renewed Motion for Summary Judgment, ECF No. 35, is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that by **December 29**, **2017**, Defendant shall supplement the record with regard to Bates Numbers 00061-00062; 00191-00192; 00193-00196; 00197-00203, and 00204-00207, and move again for dispositive relief.

SIGNED:  EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE:  November 16, 2017