UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ROYCE CORLEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-2157 (EGS) |
| DEPARTMENT OF JUSTICE,[1] | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, sued under the Freedom of Information Act ("FOIA") to compel the release of records maintained by the Federal Bureau of Investigation and the Executive Office for United States Attorneys ("EOUSA"). The remaining question surrounds EOUSA's withholding of five documents, consisting of nineteen pages. *See generally* Nov. 16, 2017 Mem. Op. and Order ("*Corley II*") [Dkt. # 39]. Pending before the Court are Defendant's Second Renewed Motion for Summary Judgment [Dkt. # 42] and Plaintiff's Cross-Motion for Partial Summary Judgment and Leave to Take Discovery [Dkt. # 46]. Upon consideration of the supplemental record, the Court finds that EOUSA has now fully satisfied its obligations under the FOIA. Accordingly, for the reasons that follow, defendant's motion will be granted, and plaintiff's motion will be denied.

---

[1] *See* Nov. 16, 2017 Mem. Op. and Order at 1 n.2 (dismissing individual defendants and substituting the Department of Justice).

1

The factual background and legal framework are set out in the Court's initial decision and need not be repeated here. *See* Mar. 30, 2016 Mem. Op. ("*Corley I*") at 2-4 [Dkt. # 29].

**1. Defendant's Motion for Summary Judgment**

In response to *Corley II*, EOUSA's declarant reevaluated the five withheld documents and determined that "the information regarding plaintiff, and other portions of information that would not expose individuals to an unwarranted invasion of their personal privacy, was segregable and therefore disclosable in part to plaintiff." Second Supp. Decl. of Princina Stone ¶ 6 [Dkt. # 40-1]. On December 27, 2017, EOUSA released fifteen of the nineteen previously withheld pages; one page was released in full and fourteen pages were released with third-party information redacted. *Id*. ¶ 8. EOUSA has continued to withhold four pages, Bates numbered 00204-00207, in full under FOIA exemptions 3, 6 and 7(C). *Id*. ¶ 7; *see* Second Supp. *Vaughn* Index [Dkt. # 40-2 at 4] ("New York City Police Department Omniform System – Arrests").

EOUSA's declarant explains that the four withheld pages "contain[] information that exclusively pertain[s] to the arrest of a minor individual, not plaintiff," including "the minor's name" and other private information. Second Supp. Stone Decl. ¶¶ 7, 16. The Court finds that EOUSA has properly justified withholding those pages under FOIA exemption 3, in conjunction with 18 U.S.C. § 3509(d), which establishes criteria for disclosing information about children involved in criminal proceedings. *See* Second Supp. *Vaughn* Index at 4; *cf. with Corley I* at 11-13, 21 (approving withholdings under FOIA exemption 3, in conjunction with § 3509(d)). By way of contrast, the declarant explains that EOUSA released a similarly described document in part, Bates numbered pages 00022-00024, because it "relate[s] primarily to plaintiff and his arrest[.]" Second Supp. Stone Decl. ¶ 7. In justifying the redaction of third-party information from the released documents, the declarant has asserted reasons that the Court previously found

to be proper under FOIA exemption 7(C). *See* Second Supp. Stone Decl. ¶¶ 17-22 and accompanying *Vaughn* Index (Bates numbered pages 00061-00062; 00191-00192; 00193-00196; 00197-00203); *cf. with Corley I* at 14-18, 22 (exemption 7(C) discussion).

The supplemental record demonstrates that EOUSA, like the FBI before, has now fully complied with the FOIA by releasing all reasonably segregable responsive records. As discussed next, the Court finds that plaintiff has offered nothing to support a grant of summary judgment in his favor or to defeat a grant of summary judgment in the government's favor.

### 2. Plaintiff's Combined Opposition and Motion

#### A. Cross-Motion for Partial Summary Judgment

Plaintiff has moved for partial summary judgment but has not identified "the part of each claim . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Plaintiff refers the Court to his "Statement of Material Facts" from August 24, 2015, *see* Mem. at 1 (citing "Plt. Stmnt.," Dkt. # 20), but it seems axiomatic that, absent clairvoyance, those facts from three years ago are largely immaterial.

In any event, plaintiff does not challenge EOUSA's supplemental release. Rather, he argues that summary judgment is inappropriate because of (1) the alleged untimeliness of EOUSA's renewed dispositive motion and (2) the agency's delay in processing his FOIA request at the administrative level. *See* Pl.'s Mem. at 5-6. Neither assertion has merit. The docket reflects defendant's filing of the renewed motion by the court-imposed extension deadline of June 12, 2018, and any delay in the agency's processing of plaintiff's FOIA request is inconsequential because "once all the documents are released to the requesting party [or shown to be properly withheld], there no longer is any case or controversy" under the FOIA. *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 34 (D.C. Cir. 2016),

quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."). Accordingly, plaintiff's motion for partial summary judgment is denied.

### B. Motion for Leave to Take Discovery

Finally, plaintiff has renewed his motion for leave to take discovery based in part on arguments that the Court previously rejected. *See Corley II* at 8. Plaintiff argues additionally that he "is entitled to damages under the Privacy Act against both the FBI and EOUSA, for their intentional and willful violations of the Privacy Act" and that "the Court must grant leave to take discovery on these matters[.]" Pl.'s Mem. at 8. That argument presents a new claim beyond the scope of this FOIA case, *see Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir. 1999) (differentiating FOIA's "main purpose" of public disclosure of government records from the Privacy Act's "main purpose" of disclosure to an individual "on whom information is being compiled and retrieved" so that the individual may "review the information and request that the agency correct any inaccuracies"), and it "is axiomatic . . . that a party may not amend his complaint through an opposition brief," *Sai v. Transportation Sec. Admin.*, 326 F.R.D. 31, 33 (D.D.C. 2018) (quoting *Singh v. District of Columbia*, 55 F.Supp.3d 55, 70 (D.D.C. 2014) (internal quotation marks omitted)).

Furthermore, the Privacy Act authorizes an award of damages only for certain Privacy Act violations. *See* 5 U.S.C. § 552a(g)(1) ("Civil remedies"). The FOIA "does not authorize the collection of damages." *Eltayib v. U.S. Coast Guard*, 53 Fed. App'x 127, 127 (D.C. Cir. 2002) (per curiam). And "[e]ven a cursory examination of [the] factors" for assessing a FOIA litigant's entitlement to litigation costs "makes it clear that they have little or no relevance in the context

4

of the Privacy Act." *Blazy*, 194 F.3d at 96.  Consequently, plaintiff's misguided motion for leave to take discovery is denied.

## CONCLUSION

For the foregoing reasons, the government's second renewed motion for summary judgment is granted, and plaintiff's cross-motion for summary judgment and for leave to take discovery is denied.  A separate judgment accompanies this Memorandum Opinion.


DATE:  March 29, 2019

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE